**IN THE COURT OF APPEALS OF IOWA**

No. 16-1128
Filed September 14, 2016

**IN THE INTEREST OF X.W.,**
**Minor child,**

**G.W., Father,**
　　Appellant.
_____

　　Appeal from the Iowa District Court for Polk County, Louise M. Jacobs, District Associate Judge.

　　A father appeals the termination of his parental rights.　**AFFIRMED.**

　　Bryan P. Webber of Carr & Wright, P.L.C. Des Moines, for appellant father.

　　Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

　　Erin E. Mayfield of Youth Law Center, Des Moines, guardian ad litem for minor child.

　　Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**DOYLE, Judge.**

In June 2016, the juvenile court terminated the father's parental rights to his child, X.W., born in January 2015.[1]  The court found the State proved the grounds for termination of his parental rights under Iowa Code section 232.116(1) (b), (e), and (h) (2015).  The court concluded a grant of additional time for the father to work toward reunification was not warranted.  The court also concluded termination of his parental rights was in the child's best interests and no exception to termination applied.  The father appeals, challenging these determinations.  Our review is de novo.  *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014).

Although the juvenile court found clear and convincing evidence to terminate the father's parental rights under three paragraphs of section 232.116(1), we need only find the evidence supports termination on one of these grounds to affirm.  *See In re T.S.*, 868 N.W.2d 425, 435 (Iowa Ct. App. 2015).  We will uphold an order terminating parental rights if the statutory grounds for termination are shown by clear and convincing evidence.  *See id.* at 434.  This burden of proof is met if there are no serious or substantial doubts as to the correctness of the conclusions of law drawn from the evidence.  *See id.* at 435.

Parental rights may be terminated under section 232.116(1)(h) if the State proves by clear and convincing evidence that (1) the child is three years of age or younger; (2) the child has been adjudicated a child in need of assistance (CINA); (3) the child has been removed from the physical custody of the child's parents for at least six of the last twelve months, or for the last six consecutive months;

---

[1] The mother's parental rights were not terminated and are not at issue here.

and (4) there is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102. The father does not dispute that the first three elements required for termination under paragraph (h) have been proved by clear and convincing evidence. As to the fourth element, the father argues he should have been granted an additional six months for reunification because, at the end of those six months, "he may have been in a position to resume care at that point in time." That is not what the State must prove to show the ground for termination set forth in paragraph (h); rather, the critical time for the child's return to the parent's care is at the time of the termination-of-parental-rights hearing. *See* Iowa Code § 232.116(1)(h)(4); *see also, e.g.*, *In re M.W.*, 876 N.W.2d 212, 224 (Iowa 2016) ("[T]here is clear and convincing evidence in the record that the children could not safely be returned to the custody of [the parent] . . . at the time of the termination hearing."); *A.M.*, 843 N.W.2d at 112 ("The record . . . shows [the child] could not be returned to the care of her parents at the time of the hearing."). "If a child cannot be returned to the parents at that point, termination should occur so long as it is in the best interests of the child and the juvenile court does not find an exception to termination that warrants a different result." *A.M.*, 843 N.W.2d at 111.

The father testified he was in a correctional facility at the time of the May 2016 termination-of-parental-rights hearing. The child could not be returned to the father's care at the time of the hearing. There is no question the State established by clear and convincing evidence the child could not be returned to the father at the time of the termination-of-parental-rights hearing and therefore

proved the ground under section 232.116(1)(h). Furthermore, we agree with the juvenile court that the father had failed to address the issues which first brought the child to the attention of the Iowa Department of Human Services (DHS).

The father testified he would be eligible for parole in August 2016 and had a tentative discharge date of January 2017. The juvenile court concluded

> The child is unlikely be able to be returned to [the father]'s care within the next six months. If he were to be released by being paroled in August, [the father] would be unable to provide for [the child] anytime soon. In addition, he would be a stranger to [the child] upon his release and additional time would be needed to build a relationship with [the child]. He would also have to work extensively with DHS and this child would be unable to have permanency established until long after [the] father's release.

We agree. Any additional time in limbo would not be in the child's best interests.

The father also argues termination of his parental rights is not in the child's best interests. Upon our de novo review of the record, we disagree.

At the termination-of-parental-rights hearing, the father admitted he had not seen the child since March of 2015, when the child was removed from his custody. The father had been using opiates at that time and spent nine months in jail. After his release, he violated the no-contact order between him and the mother, which was in place because of domestic violence by the father, and he was incarcerated again. The Iowa Department of Human Services case worker believed termination of the father's rights was in the child's best interests, testifying she had concerns about the domestic violence and did not think the father could co-parent the child with the mother. The case worker explained she had

> spent a lot of time with [the mother] over the last year or so, and [the mother] has reason to be frightened of [the father] and some of

the actions that he may take upon his release. I feel that in terms
of [the child], for his permanency, it would be in his best interest to
have those rights severed completely so that there is no question in
the future for him.

The case worker did not believe, given the father's history, that the father would follow the court's orders after his release. She was also concerned about the father's unaddressed substance-abuse and mental-health issues.

Giving "primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child," *see* Iowa Code § 232.116(2), we conclude termination of the father's parental rights is in the child's best interests. As the juvenile court aptly summarized: "[The father] has been unable to meet his own needs and stay out of prison, and clearly is unable to meet [the child]'s needs . . . ." Nothing in the evidence indicates that this is likely to change in the foreseeable future.

Lastly, the father maintains that a permissive factor weighs against termination—namely that the child's mother has custody of the child. *See* Iowa Code § 232.116(3)(a). After reviewing the record in its entirety, we agree with the juvenile court that the permissive factor should not be applied in this case.

Accordingly, we affirm the juvenile court's order terminating the father's parental rights.

**AFFIRMED.**